

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 16, 2024

By CM/ECF

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    United States v. Hernan Lopez & Full Play Group
               Docket Nos. 23-7183, 23-7186

Dear Ms. Wolfe:

      Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, the government respectfully submits this letter to provide additional authority in support of the argument that Percoco v. United States, 598 U.S. 319 (2023), does not mandate identification of a pre-McNally[1] decision addressing a factually identical duty in order for the prosecution to fall within the ambit of the honest-services fraud statute, 18 U.S.C. § 1346. (See Appellant's Br. 62-66, 70-72, 77-79; Appellant's Reply 19-23 (citation omitted)). Please circulate this letter to the presiding panel.

      United States v. Solakyan, 119 F.4th 575 (9th Cir. 2024), involved a multimillion-dollar fraud in which Solakyan, a third-party business executive, bribed doctors to refer their patients for medically unnecessary procedures at facilities run by Solakyan's companies. Solakyan relied on Percoco and the district court's opinion in this case to argue that his honest-services convictions should be reversed because the government did not "cite[] a single pre-McNally case" involving a physician-patient relationship. Solakyan Second Rule 28(j) Ltr. 2; see also Solakyan Oral Arg. 00:19-01:00, 03:20-03:40, 04:24-05:24, 48:32-51:17; Solakyan Appellant's Reply 5. The Ninth Circuit rejected Solakyan's argument and—just as this Court did in United States v. Avenatti, 81 F.4th 171, 194 n.27 (2d Cir. 2023), cert. denied, 144 S. Ct. 2598 (2024), with respect to the attorney-client duty at issue there—did not require identification of a pre-McNally decision involving a factually identical duty in order to affirm

---

[1] McNally v. United States, 483 U.S. 350 (1987).

the defendant's conviction where the jury had properly made the "fact-based determination" that the government proved a fiduciary duty between the physician and patient at issue. Solakyan, 119 F.4th at 585, 586.

      This Court, too, should reject the claim that Percoco mandates identification of a pre-McNally factual twin on the issue of duty and, consistent with prior Second Circuit precedent, reinstate the jury's fact-based duty determination for the reasons set forth in the government's brief. (See Appellant's Br. 62-66, 70-72, 77-79; Appellant's Reply 19-23).

      The government thanks the Court for its consideration.

> Respectfully submitted,
>
> BREON PEACE
> United States Attorney
>
> By:   /s/ Kaitlin T. Farrell
>       Kaitlin T. Farrell
>       Victor Zapana
>       Assistant U.S. Attorneys
>       (718) 254-7000

cc:    Defense counsel (via CM/ECF)