

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880 | fax: 212-202-6417
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

December 20, 2024

VIA ECF

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

      Re:    *United States v. Webb (Lopez)*, No. 23-7183(L), 23-7186(CON)

Dear Ms. Wolfe:

      Appellee Hernan Lopez respectfully submits this letter in response to the government's Rule 28(j) letter (ECF No. 108) regarding *United States v. Aiello*, 118 F.4th 291 (2d Cir. 2024). The government is not entitled to a new trial. *See* LB55-57. *Aiello* does not change that.

      In *Aiello*, the district court denied a Rule 29 motion, this Court affirmed, and the Supreme Court reversed, finding the government's fraud theory legally invalid. On remand, the government did not defend the sufficiency of the evidence and instead requested an opportunity to retry the case. The defendants argued that retrial was impermissible because the evidence was insufficient under the Supreme Court's decision. This Court stated that "in some cases there may be sound reasons for refusing to consider the sufficiency of the evidence when there has been a subsequent change in the law." *Id.* at 301. It then declined to review sufficiency because the "government indicate[d] it would offer new evidence [on a valid fraud theory] in a trial on remand, such as 'additional evidence regarding competitors that could have submitted proposals to [the victim] absent the defendants' bid-rigging," including specific "fact and/or expert testimony regarding" that theory. *Id.* at 301-02.

      Here, by contrast, the government offered only a conclusory suggestion that it "could offer additional evidence." GB88. Unlike in *Aiello*, the government does not proffer *any* specifics—because it has no evidence that could cure the legal problem here. There is no evidence of Lopez's participation in any bribery scheme that corrupted the relationship between any domestic employer and employee. Indeed, he was never even charged with participating in any scheme involving U.S. (or even North American) soccer officials or tournaments. Rather, the government charged him only with alleged bribery of *CONMEBOL* officials relating to *foreign* soccer tournaments. *See* LB5-6, 55; GA22-23, 42-46.

      Moreover, in its reply brief the government abandoned its alternative request for a new trial, thus "effectively conceding the point." *Usov v. Marc Lazar Inc.*, 756 F. App'x 32, 37-38

Catherine O'Hagan Wolfe  Page 2
December 20, 2024

(2d Cir. 2018); *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 41 n.2 (2d Cir. 2017).

    Respectfully submitted,

    /s/ Alexandra A.E. Shapiro

    Alexandra A.E. Shapiro

cc: All Counsel (via ECF)